IN RE ÁNGEL FERNÁNDEZ ORTIZ, NOTARY PUBLIC

No. 155–B.   Argued April 19, 1954.—Decided May 11, 1954.

*Ángel Fernández Ortiz, pro se.*

PER CURIAM: Protocol Inspector Artemio P. Rodríguez submitted to this Court several written reports in connection with Notary Ángel Fernández Ortiz's protocols for the years 1944, 1945, 1946, 1947, 1948, 1949, 1950, 1951, and 1952. In his reports the Inspector indicates that he found several irregularities in those protocols. On March 26, 1954, this Court entered an order directing Notary. Fernández Ortiz to state the reasons why he should not be disciplined. In his reply filed in this Court Fernández Ortiz neither adequately denies nor duly accounts for the commissions of a great number of irregularities and violations of the Notarial Act (Sess. Laws 1906, p. 143). Those irregularities, which Fernández Ortiz practically admits or does not duly account for, are, briefly, as follows:

(1) The Notary's rubric is missing from the first page of the first sheet of the 1944, 1945 and 1949 protocols, in violation of the provisions of Section 30 of the Notarial Act to which we will refer hereinafter as "the Act".

(2) The Notary's rubric is missing from all the deeds of the 1944 to 1952 protocols, having failed to affix his rubric on any of the sheets or pages of all such deeds. The Notary's sign is missing from all the deeds of the 1944, 1945 and 1946 protocols, and from one deed of the 1952 protocol, all of which is in violation of the provisions of § § 9, 12 and 20 of the Act. (*Cf. Delannoy* v. *Registrar of Guayama*, 26 P.R.R. 491; *Fragoso* v. *Marxuach*, 31 P.R.R. 187.)

(3) The initials of the executing parties are missing from some of the sheets or pages in several deeds of the 1944, 1945, 1946, 1948, 1949 and 1950 protocols, in violation of the provisions of § 9 of the Act (although such omission is not expressly included in § 20 as a cause for annulment).

(4) Amendments and corrections were made in several deeds of the protocols of 1944 to 1950 inclusive, which have not been duly mentioned by the Notary, in violation of § 18 of the Act.

(5) In a deed of sale executed in 1944, the name of the purchaser is not stated.

(6) In several deeds, of the protocols for 1945 to 1950 inclusive, in which the parties evidently do not know how, or are unable to sign, the Notary fails to so state, such omission being in violation of the provisions of § 14 of the Act. *Rosa* v. *Registrar of San Juan*, 28 P.R.R. 665; *Villanueva et al.* v. *The Registrar of Property*, 18 P.R.R. 801).

(7) The name of the spouse of the party appearing as acquirer does not appear in several deeds of the 1945, 1948, 1949 and 1950 protocols, in violation of the provisions of § 16 of the Act. *Mattei* v. *Registrar*, 38 P.R.R. 414.

(8) In several deeds of the 1945, 1946, 1948 and 1949 protocols, the Notary fails to certify the status of the executing parties as well as their personal circumstances, all of

which is in violation of the provisions of § 16 of the Act. *Jiménez et al.* v. *Registrar of Aguadilla*, 24 P.R.R. 670.

(9) In several deeds of the 1947 and 1948 protocols, the Notary fails to set forth the names of the witnesses, as required in § 10.

(10) The documents protocolized were not incorporated in a deed of the 1948 protocol and in three deeds of the 1950 protocol, which deeds involved the protocolization of a power of attorney.

(11) In a deed of the 1948 protocol, the Notary states that a certain person does not know how to sign and affixes his fingerprints; however, that same person's signature appears on the deed executed by him but not his fingerprints.

(12) In a deed of the 1948 protocol, the Notary states that certain persons are witnesses; however, another person signs as witness.

Considering the cumulative effect of the irregularities and violations of the Notarial Act committed by Notary Ángel Fernández Ortiz, which he has not denied, he should be disciplined as provided by § 38 of the Notarial Act, as amended by Act No. 389 of May 9, 1951 (Sess. Laws, pp. 956, 964 and 966). He did not display the zeal and care expected of him in the exercise of his functions as a Notary, and his acts and omissions show such gross carelessness that he must be disciplined. The mitigating circumstances present in *In re Lacot*, 73 P.R.R. 44, are not present in the instant case. On the other hand, it has not been shown that Notary Fernández Ortiz acted in bad faith in committing the aforesaid violations of the Act, or that any person has suffered injury of any kind as a result of such irregularities. In view of the circumstances surrounding this case, Notary Ángel Fernández Ortiz is suspended from the office of Notary for a period of three months.

Mr. Justice Marrero did not participate herein.